### BRAND vs. VANDERPOOL.

1. A. purchased of B. a tract of land, and executed his notes for the purchase money, payable in instalments, the last due 9th of August, 1840; and at the same time B. executed his bond for a conveyance, whenever the purchase money should be fully paid. On the 25th of September, 1842, A. executed a new note to B. in lieu of the note given for the last instalment. On this note suit was brought, and A. contended that the payment of the purchase money and the making of the deed for the land were, by the terms of the bond, to be concurrent acts: *Held,* That whether the payment of the note due on the 9th of August, 1840, and the making of the deed,

were, by the contract, to be concurrent acts, was immaterial. The note sued on having been given in consideration of the cancellation of the note due on the 9th August, 1840, and having been executed after that note became due, and long after the execution of the bond for the conveyance of the land, it became payable independent of any covenants contained in that bond.

2. Where two covenants are independent of, and have no reference to, each other, the averment of the performance of one of them in a suit upon the other will be considered immaterial, and a plea traversing the performance will be bad on general demurrer.

APPEAL from Ray Circuit Court.

P. L. EDWARDS, *for Appellant.*

1. From the terms of the contract, the payment of the last instalment of the purchase-money, and the execution of the deed, are mutual and dependent agreements. — Sugden on Vendors, 245, 246; 1 Chitt. Plead., 353–5, and note 637; 1 Sand. Rep., 320, note 4; 2 *Ibid.*, 352, note 3; Bank of Columbia *vs.* Hagner, 1 Pet. Rep., 456.

I. Covenants are to be construed according to their evident sense and meaning; and their precedency or dependency does not depend upon their being prior or posterior in the instrument. — Cooke *vs.* Johnson, 3 Mo. Rep., 339; 1 Chitt. Plead., 353.

II. In cases of doubt, the courts incline to consider covenants as dependent; and if there is an agreement that one shall do an act, and that another shall pay money therefor, in general the doing of the act is a condition precedent. — Tidd's Practice, 383; 1 Pet. Rep., 451, *supra.*

2. The appellee can only place the appellant in default by executing a deed according to the terms of the bond to convey, or offering and showing his readiness and willingness to do so.— Sugden on Vendors, 283, top, and note 158; Green *vs.* Reynolds, 2 Johns. Rep., 203; Cunningham *vs.* Morrell, 10 *Ibid,* 203; Wilcox *vs.* Ten Eych, 5 *Ibid.,* 78; Parker *vs.* Parmlee, 20 *Ibid.,* 130.

3. The independency of the covenants to pay the prior instalments of the purchase money does not authorize any conclusion prejudicial to the appellant as to the last instalment. — Cunningham *vs.* Morrell, *supra*; Green *vs.* Reynolds, *supra*; Johnson *vs.* Wygant, 11 Wend. Rep., 48; 1 Amer. Digest, sec. 3, p. 100.

4. The nature of the appellant's defence is not changed or affected by the contract being contained in several instruments. — Hunt *vs.* Livermore, 5 Pick., 395.

5. Under the issue, the appellant should have been let in to his full defence.— 1 Chitt. Plead., 517, and note *p;* Lindo *vs.* Gardner, 1 Cranch, 343, and appen. 465.

6. The bill of discovery was filed as soon as its necessity was ascertained, and should have been allowed. — Dempsey *vs.* Harrison & Glasgow, 4 Mo. Rep., 267.

7. The court erred in giving judgment while the bill of discovery remained undisposed of.

8. The judgment is informal and uncertain: it is for no particular amount.

9. The bill of discovery filed by the defendant below, against the plaintiff below, yet remains upon the record undisposed of.

Brand vs. Vanderpool.

Dunn, for *Appellee.*

1. The want of any allegation of diligence by the defendant below, appellant here, is fatal to his petition for discovery in the case disclosed.

2. It is not averred that the facts are within the knowledge of the plaintiff below, appellant here.

3. The petition charges no demand of a deed by the defendant, or refusal by the plaintiff to execute it.

4. The title to the land is not impeached : no incumbrance is complained of, nor is insolvency alleged.

5. The bond referred to, and the petition for discovery, both show that the payment of the money was a condition precedent to the execution of the deed.

6. According to the original transaction, the parties would have been left to pursue their remedies upon the instruments taken by them respectively.

7. But the note sued on was given upon a settlement made more than two years afterwards; and no fraud or mistake being charged, the defendant cannot go behind that settlement.

8. The facts stated in the petition for a discovery, if true, constitute no bar to the action; the court, therefore, committed no error in refusing the order requiring the plaintiff to answer it.

Tompkins, J., *delivered the opinion of the Court.*

Meaders Vanderpool commenced an action by petition, in the Circuit Court of Ray county, against George W. Brand, on a note made by Brand to Vanderpool for $830 67 : judgment being given for Vanderpool in the Circuit Court, Brand, to reverse that judgment, appeals to this court.

The defendant pleaded *nil debit* to the petition in debt, and then filed a bill for a discovery, under the 10th section of the 4th article of the act to regulate practice at law, stating that, on the ninth day of August, 1838, he purchased from said plaintiff, Vanderpool, several tracts of land, which said purchase was made for a price, and on terms expressed in a bond, for a title then made and delivered to said defendant by said Vanderpool ; that the said purchase money was to be paid to said plaintiff, by the said defendant, in instalments ; and the last instalment was for the sum of six hundred and eighty-three dollars, and to be paid on or before the ninth day of August, 1840, and for which the defendant executed to the plaintiff his promissory note, according to the said terms; and the said plaintiff was bound by said bond to execute to this defendant a good and sufficient deed, with general warranty, &c., whenever said Brand should fully pay and satisfy the said purchase money. The defendant further represents, that, on the 25th day of September, 1842, on accounting and settling with said plaintiff for interest due on said last instalment, (all previous instalments being paid,) this defendant was found to be indebted to said plaintiff, on account of said last instalment, in the sum of $830 67; and for this sum the defendant executed to the plaintiff his promissory note, on which this suit is brought; that the payment of this last sum of money, &c., the

last instalment by the defendant, and the making of the deed, were, by the terms of the bond, to be concurrent acts, to be performed at the same time.

The bond for a title is also set out as an exhibit, and bears the same date as the note above mentioned, as given for the last instalment to be paid on this land, to wit, the 9th of August, 1838, and, it will be recollected, became due on the 9th of August, 1840.   More than two years afterwards, to wit, on the 25th day of September, 1842, the note here sued on was given to the plaintiff, in consideration of the principal and interest of the note before mentioned.   Admitting, for the sake of argument, that the said note made on the 9th of August, 1838, and becoming due on the 9th of August, 1840, should, by the terms of the bond, be paid then only, when the plaintiff conveyed the land, *it is difficult to conceive how that condition could be transferred to a note made more than two years after the first note became due, and four years after the execution of the bond for a title.   The Circuit Court overruled the motion of the defendant to compel the plaintiff to answer this bill of discovery.   It is absurd to say, that the money due on this note was not to be paid till a title to the land was made, for which land a title-bond had been given four years before the making of the note.   Common sense would say, from the defendant's own statement of this case, that the note here sued on was given in consideration of the first note given up to the defendant to be cancelled, or otherwise annulled, at his will.   Where two covenants are independent of, and have no reference to, each other, the averment of the performance of one of them in a suit upon the other will be considered immaterial; and a plea, traversing the performance, will be bad on general demurrer.—Simonds' Administrator *vs.* Beauchamp.*

The Circuit Court committed no error in refusing to rule the plaintiff to answer this bill for a discovery.

The judgment is therefore affirmed.